Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1659 | **DATE** | 3/4/2002 |
| **CASE TITLE** | Livingston, et. al. v. Associates Finance, Inc., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to compel arbitration and
Plaintiffs' motions for extension of time and for leave to pursue discovery

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, this Court adopts the R&R and GRANTS Plaintiffs' motion for extension of time to respond to Defendants' motion to arbitration [39-1] and GRANTS in part Plaintiffs' motion for leave to pursue discovery on the issue of cost of arbitration only [38-1]. Discovery on this issue will be expedited and will close on April 15, 2002. This Court stays Defendants' motion to compel arbitration, stay proceedings, and dismiss class claims [24-1], [24-2], and [24-3] until Plaintiffs conduct their discovery and file their response.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | 3\6\02 date docketed | 70 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| mds(lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

MARC LIVINGSTON and MICHELLE )
LIVINGSTON )
 )
 Plaintiffs, )
 ) No. 01 C 1659
 v. )
 ) HONORABLE DAVID H. COAR
 )
ASSOCIATES FINANCE, INC.; )
CITIGROUP, INC.; CITIFINANCIAL )
CREDIT COMPANY; ASSOCIATES )
FIRST CAPITAL CORPORATION; and )
ASSOCIATES CORPORATION OF )
NORTH AMERICA )
 )
 )
 Defendants. )

## MEMORANDUM OPINION AND ORDER

Marc and Michelle Livingston ("Plaintiffs") sue Associates Finance, Inc., Citigroup, Inc., CitiFinancial Credit Company, Associates First Capital Corporation, and Associates Corporation of North America ("Defendants") under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* and various state laws. On May 14, 2001, this Court referred all discovery disputes, including Plaintiffs' motion for extension of time to respond to Defendants' motion to arbitration and Plaintiffs' motion for leave to pursue discovery in response to Defendants' motion to compel arbitration. Intertwined with Plaintiffs' motions is Defendants' motion to compel arbitration.

Magistrate Judge Arlander Keys issued his Report and Recommendation ("R&R")[1] on June 22, 2001. Judge Keys recommends that Plaintiffs' discovery motion be granted in part, and that Plaintiffs be allowed limited discovery to pursue the possibility of prohibitive costs associated with arbitrating their claims. Judge Keys further recommends that Plaintiffs' related motion for extension of time be granted so that Plaintiffs may undertake their discovery and have an opportunity to present any significant findings in a new response to Defendants' motion to compel arbitration. Judge Keys rejected three of Plaintiffs' four arguments against compelling arbitration, but he recommends that this Court wait to decide Defendants' motion to compel arbitration until after Plaintiffs have conducted their limited discovery regarding prohibitive costs.

Before this Court are both Plaintiffs and Defendants written objections to the R&R. For the reasons stated below, this Court adopts the R&R and GRANTS Plaintiffs' motion for extension of time to respond to Defendants' motion to arbitration and GRANTS in part Plaintiffs' motion for leave to pursue discovery in response to Defendants' motion to compel arbitration.

## I. Discussion

Under Federal Rule of Civil Procedure 72(b), this Court conducts *de novo* review of those recommendations to which the parties object. Plaintiffs gave four reasons for why they should not be forced to arbitrate their claims: (1) Plaintiffs rescinded the loan agreement that provides for arbitration (and, therefore, there is no enforceable contract between the parties); (2) the cost of arbitration is prohibitively high; (3) the AAA–the arbitral forum designated by the contract–is biased in favor of Defendants; and (4) Defendants fraudulently induced Plaintiffs to enter into the arbitration agreement. In his R&R, Judge Keys rejected arguments 1, 3, and 4, and Plaintiffs have filed written objections to the rejection of these arguments, as well as an objection to Judge Keys'

---

[1] Livingston v. Assoc. Finance, Inc., No. 01 C 1659, 2001 WL 709465 (N.D. Ill. 2001).

recommendation that Plaintiffs not be allowed to discover statistical information.[2] Defendants object to Judge Keys' recommendations to allow limited discovery of the AAA and to grant Plaintiffs extension of time. This Court addresses each issue in turn.

*A. Enforceability of the Contract*

The issue before Judge Keys was whether there was an enforceable contract between the parties so that an arbitrator, and not a court, was authorized to decide the question of Plaintiffs' recission of the contract. Plaintiffs argued that recission took place by operation of law and that any basis for compelling arbitration no longer exists. Judge Keys acknowledged that recission may take place by operation of law, but he concluded that "in the Seventh Circuit, whether an arbitration agreement has, in fact, been rescinded is an issue for the arbitrator," and he cited Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd., 1 F.3d 639, 642 (7th Cir. 1993) and Dorsey v. H.C.P. Sales, Inc., 46 F. Supp. 2d 804, 806 (N.D. Ill. 1999) for support. Thus, Judge Keys recommended that this Court reject Plaintiffs' argument concerning recission of the loan agreement as a basis for not compelling arbitration.

Plaintiffs argue that Judge Keys was incorrect in determining there is an enforceable contract because the contract was rescinded by operation of law. Specifically, Plaintiffs assert that under TILA and Regulation Z, where the right to rescind is exercised, the agreement imposes no further obligation. Plaintiffs argue that Sweet Dreams is inapposite because the statute in Sweet Dreams did not provide an automatic right of recission and TILA does. Plaintiffs further argue that Franklin v. Hartland Mortgage Ctrs., Inc., No. 01 C 2041, 2001 WL 726986 at * 2 is more on point. In Franklin, the plaintiff rescinded his loan agreement pursuant to TILA after learning that the

---

[2]Plaintiffs also filed "observations" to Judge Keys' reasoning in deciding that Plaintiffs are entitled to discovery regarding the cost of arbitration. With the exception of their objection to a specific recommendation, this Court will not consider Plaintiffs' "observations" as objections.

defendant bank did not make the required TILA disclosures. Id. at *1. The defendant moved to compel arbitration based on an arbitration clause in the loan agreement. Id. Judge Conlon denied the motion, however, noting specifically that the arbitration agreement in that case excluded any "self-help" remedies like rescission. Id. at *2.

Unlike the arbitration agreement in Franklin, the arbitration clause here is broad and it does *not* specifically exempt "self-help" remedies. Contrary to Plaintiffs assertions, therefore, Franklin is inapposite. As Judge Kennelly recently stated in a similar case, "arbitration should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," and "in making this determination, the court looks to the arbitration agreement itself and will not allow a party to unravel a contractual arbitration clause by arguing that the clause was part of a contract that is voidable." Phillips v. Assoc. Home Equity Servs., Inc., 179 F. Supp. 2d 840, 844 (N.D. Ill. 2001). Thus, this Court, finding Plaintiffs' objections unpersuasive, accepts Judge Keys' recommendation and rejects Plaintiffs' argument concerning recission of the loan agreement as a basis for denying Defendants' motion to compel arbitration.

*B. Cost of Arbitration*

The second issue before Judge Keys was whether the costs of arbitration are prohibitively expensive for Plaintiffs. Plaintiffs asked for discovery so they can prove that the cost of arbitration in their case will be prohibitively expensive while Defendants countered that the arbitration agreement, as well as the Commercial Rules of the AAA, clearly establish that the costs will not be prohibitive. Based on the Supreme Court's recent ruling in Green Tree Financial Corp. - Alabama v. Randolph, 531 U.S. 79 (2000), Judge Keys recommends that Plaintiffs be allowed limited discovery regarding the costs of arbitration. Specifically, Judge Keys reasoned that "if the Supreme

Court places a burden of proof on a party [as it does on the plaintiffs in Green Tree], then that party must be given an opportunity to pursue discovery related to the issue that it has the burden to prove . . . or [this burden] becomes a nullity." R&R, 2001 WL 709465, at *2. Judge Keys suggests limiting this discovery only to the likely costs that Plaintiffs will incur in this particular case and not allowing requests for general statistical information.

Defendants object to Judge Keys' recommendation that Plaintiffs be allowed limited discovery into the cost of this arbitration. They argue that Plaintiffs should not be granted limited discovery because the arbitration agreement incorporates the safeguards against prohibitive costs embodied by the AAA's Commercial Arbitration Rules. Defendants argue that the incorporation of safeguards distinguishes this case from Green Tree, where the arbitration clause was silent as to costs, and therefore no cost-based discovery is appropriate here. They also argue that Plaintiffs should not be allowed an extension of time to respond to the motion to compel arbitration.

Plaintiffs object to the limitation on discovering statistical information, arguing that statistical information is highly relevant because it gives a context in which the plaintiffs' costs may be assessed. Defendants argue that if this Court grant discovery at all, it should adopt Judge Keys' limitation.

This Court finds both parties' objections unpersuasive. The fact that there are safeguards in the rules against prohibitive costs does not alleviate the possibility that the ultimate costs Plaintiffs will have to bear will be prohibitive. Plaintiffs should be granted the opportunity to show that their costs could be prohibitive. Further, just as Defendants cannot rest on the safeguards in the rules as an appropriate method of preventing prohibitive costs, Plaintiffs cannot rely on general statistical information to show the likelihood that their costs will or will not be waived. Thus, this Court adopts Judge Keys' recommendations that Plaintiff be granted limited discovery to prove prohibitive

costs with respect to their specific case only and that they be granted the related motion for extension of time to respond to the motion to compel arbitration.

C. *AAA Bias*

The third issue before Judge Keys was whether Plaintiffs should be granted discovery to prove that the AAA is biased in favor of corporate defendants (such as Associates). Judge Keys distinguished the cases Plaintiffs relied on for support by pointing out that those cases concerned arbitral forums other than the AAA, and those arbitral forums were paid for by the employer and were forums that had an incentive to please the employer. He also distinguished the cases by noting that the AAA has taken precautions against bias and by expressly prohibiting the parties from making compensation arrangements directly with the arbitrator. Thus, Judge Keys recommends denying Plaintiffs' request for discovery with respect to AAA bias.

Plaintiffs object to Judge Keys' recommendation and argue that there already is evidence of AAA bias in favor of the Defendants in this matter. Specifically, Plaintiffs point to the fact that the AAA has objected to all of the plaintiff's discovery requests in Phillips, which essentially are the same requests Plaintiffs here made prior to this Court's stay of discovery earlier this year. Plaintiffs also offer that the fact that the AAA files amicus briefs on behalf of defendants indicates bias and that the AAA's "promise" of balance and diversity amounts to nothing more than puffing.

This Court, however, is not persuaded that Plaintiffs' offer of "evidence"establishes AAA bias. Regarding AAA's filing of amicus briefs, that the AAA supports arbitration is hardly surprising considering that arbitration is precisely its business. Contrary to Plaintiffs' beliefs, corporations and the AAA can favor arbitration for vastly different reasons so that their interests are *not* "completely intertwined in this regard." Further, that the AAA objected to some of the discovery requests in another case likewise does not indicate they are biased. As the letter from the AAA

clearly shows (Plaintiffs' Exhibit E), while the AAA objected to broad requests for certain general information, it was more than willing to provide that same information in those plaintiffs' particular case through affidavits. Finally, that the AAA aspires to achieve diversity in its arbitration panels but cannot be held accountable on this promise bears absolutely no light on the issue of whether it is biased toward corporations. Therefore, this Court adopts Judge Keys' recommendation; the Plaintiffs' request for discovery into the bias of the AAA is denied.

*D. Fraudulent Inducement*

The final issue before Judge Keys was whether Plaintiffs were fraudulently induced to agree to arbitrate their claims. Judge Keys recommends rejecting this argument because Plaintiffs' fraud claim is based on alleged fraud in the entire loan agreement and not just the arbitration agreement. As Judge Keys noted, the Supreme Court in Prima Paint Corp. v. Flood & Conklin Mfg., Co. specifically stated that while courts may decide issues of fraud pertaining to an arbitration agreement itself, issues of fraud pertaining to the contract must be arbitrated. 388 U.S. 395, 403-04 (1967). Plaintiffs have not filed written objections to this recommendation; they merely have stated their desire to preserve this issue on appeal. Because this Court agrees with Judge Keys' reasoning and Plaintiffs have offered no reasons why he was incorrect, this Court accepts Judge Keys' recommendation and rejects Plaintiffs' fraudulent inducement claim as a basis for not compelling arbitration.

### III. Conclusion

For the foregoing reasons, this Court adopts the R&R and GRANTS Plaintiffs' motion for extension of time to respond to Defendants' motion to arbitration [39-1] and GRANTS in part Plaintiffs' motion for leave to pursue discovery on the issue of cost of arbitration only [38-1]. Discovery on this issue will be expedited and will close on April 15, 2002. This Court stays

Defendants' motion to compel arbitration, stay proceedings, and dismiss class claims [24-1], [24-2], and [24-3] until Plaintiffs conduct their discovery and file their response.

**Enter:**

*David H. Coar*

**David H. Coar**

**United States District Judge**

**Dated: March 4, 2002**