# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1659 | **DATE** | 9/17/2002 |
| **CASE TITLE** | Livingston, et. al. v. Associates Finance, Inc., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum and Opinion Order, this Court DENIES Defendants' motion to compel arbitration [24-1] and stay proceedings [24-2], and dismiss class claims [24-3]. This Court GRANTS Plaintiffs' motion for class certification [4-1].

(11) ■ [For further detail see Memorandum and Opinion Order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices: 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | SEP 18 2002 date docketed | 79 |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 9-17-02 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARC LIVINGSTON and MICHELLE LIVINGSTON | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) No. 01 C 1659 |
| v. | )<br>) |
| | ) HONORABLE DAVID H. COAR |
| ASSOCIATES FINANCE, INC.; CITIGROUP, INC.; CITIFINANCIAL CREDIT COMPANY; ASSOCIATES FIRST CAPITAL CORPORATION; and ASSOCIATES CORPORATION OF NORTH AMERICA | )<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) SEP 1 6 2002 |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Marc and Michelle Livingston ("Plaintiffs") sue Associates Finance, Inc., Citigroup, Inc., CitiFinancial Credit Company, Associates First Capital Corporation, and Associates Corporation of North America ("Defendants") under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* and various state laws for engaging in numerous deceptive acts and practices to induce Plaintiffs and other consumers to take out new or refinance loans that had high interest rates, costs, and fees, and to purchase high-cost credit insurance. Defendants moved to compel arbitration, stay proceedings, and dismiss class claims. On March 4, 2002, this Court stayed Defendants' motion to compel arbitration, granted Plaintiffs leave to pursue limited discovery on the issue of cost of arbitration, and granted Plaintiffs' motion for extension of time to respond to Defendants' motion to arbitration. On April 2, 2002, this Court ordered Plaintiffs to respond to the Arbitration Motion by April 26, 2002,

and the next day, on April 3, 2002, Defendants offered to pay Plaintiffs' arbitration costs "to the extent they exceeded the costs Plaintiffs would incur in litigation in federal court." Before this Court is Defendants' fully briefed motion to compel arbitration, stay proceedings, and dismiss class claims. This Court DENIES Defendants' motion to compel arbitration and stay proceedings and dismiss class claims. Further, this Court GRANTS Plaintiffs' pending motion for class certification.

### Discussion

*Motion to Compel Arbitration*

Defendants argue that, by their offer to pay costs, they have eliminated any possibility that the costs of arbitration could prove prohibitively high so that the Plaintiffs would be barred from vindicating their rights in the arbitral forum. This Court, however, disagrees. Unlike the defendants in the cases that Defendants cite, see Arellano v. Household Fin. Corp. III, No. 01 C 2433, 2002 WL 221604, at *3 (N.D. Ill. Feb. 13, 2002); Phillips v. Assocs. Home Equity Servs., Inc., No. 01 CV1944, Minute Order, docket no. 45 (N.D. Ill. Oct. 22, 2001), Defendants here do not offer to pay the arbitration costs; rather they qualify their offer to pay arbitration costs "to the extent [the arbitration costs] exceed[] the costs plaintiffs would incur in litigation in federal court." It is this Court's opinion that Defendants' offer is vague, nebulous, and contrary to Defendants' assertion, it does *not* eliminate any possibility that the costs of arbitration could prove prohibitively high. Defendants completely fail to iterate exactly which litigation costs would offset arbitration costs. This "offer" is an invitation to further litigation about costs, nothing more.

In addition, Plaintiffs argue that the Arbitration Agreement violates TILA's guarantees regarding attorneys' fees because it grants an arbitrator the discretion "to award attorney's fees as he sees fit," while TILA provides for the prevailing plaintiff to receive attorneys' fees and does

not award defendant attorneys' fees unless the plaintiff brought the action "in bad faith and for the purpose of harassment." As the Defendants point out, the rules of the American Arbitration Association ("AAA") do not permit an arbitrator to ignore TILA's statutory mandates regarding attorneys' fees and the arbitrator's award is subject to subsequent judicial scrutiny to ensure that the arbitrator complied with TILA's requirements. In this case, however, the uncertainty of an award by an arbitrator using his or her "discretion," coupled with the uncertainty inherent in Defendants' nebulous offer to pay arbitration costs only to the extent they exceed litigation costs, impermissibly impedes Plaintiffs' exercise of their statutory rights under TILA. Defendants' motion to compel arbitration and stay proceedings is therefore denied.

*Plaintiffs' Motion for Class Certification*

On March 12, 2001, Plaintiffs moved this Court to enter an order certifying a class for Counts I, III, IV, and V of the complaint. On April 26, 2001, this Court stayed all briefing on the motion for class certification. On March 4, 2002, this Court stayed discovery and class certification proceedings pending a ruling on Defendants' motion to compel arbitration and stay proceedings. Defendants, however, included in their motion to compel arbitration and stay proceedings a motion to dismiss class claims---claims that this Court had not yet certified. Thus, this Court considers Defendants' motion to dismiss class claims as their response to the Plaintiffs' motion for class certification.[1]

Count I is a proposed class claim seeking a declaration that Plaintiffs and the class members have the right to rescind their real estate mortgages under TILA. The proposed class would consist of all Associates mortgagors who were given riders to their loans changing the

---

[1] As Defendants base their arguments to dismiss class claims on the Plaintiffs' being precluded from class arbitration, and as this Court hereby denies Defendants' motion to compel arbitration, their motion to dismiss class claims is therefore denied as well.

interest rate or payment schedule, which riders were not reflected in their TILA disclosures. As a result, the disclosures of the annual percentage rate, finance charge, and total of payments are each incorrect. Count III is a proposed class claim for statutory damages according to 15 U.S.C. § 1635(g) on behalf of the same class as Count I.

Count IV is a proposed class claim alleging that the Associates Defendants engaged in unfair and deceptive acts and practices in violation of the Illinois Consumer Fraud Act, by engaging in "loan flipping." This proposed class would be limited to Illinois. Count V concerns an arbitration agreement that defendants began using during the last couple of years, apparently after learning that they were under a Federal Trade Commission investigation that was likely to give rise to private litigation such as this case. Plaintiffs contend that the arbitration agreements were imposed on the proposed class in furtherance of the unlawful scheme and are therefore invalid for that reason.

The party seeking certification bears the burden of proving that its action is appropriate as a class action and that it satisfies all of the requirements of Rule 23. Retired Chicago Police Assoc. v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993). Federal Rule of Civil Procedure 23 permits a class action to be maintained if: (1) the class is so numerous that joinder of all class members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly or adequate protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, the court must also find: (1) that the prosecution of separate actions by the individual class members would create a risk of inconsistent adjudications or substantially impair the abilities of other class members to protect their interests; (2) that the party opposing the class has acted or failed to act on grounds generally applicable to the class, thereby making

injunctive or declaratory relief appropriate for the class; or (3) that common questions of law or fact predominate over questions affecting only individual members and the class action is the best method for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b). In this case, Plaintiffs seek to certify a class under Fed. R. Civ. P. 23(b)(3). With these principles in mind, this Court turns to whether Plaintiffs have met the requirements of Rule 23.

1. Rule 23(a)

*Numerosity*

To satisfy numerosity, it is not necessary to determine the exact number of members in the class; a reasonable estimate will suffice and courts are entitled to make common sense assumptions in order to support a finding of numerosity. Keele v. Wexler, No. 95 C 3483, 1996 WL 124452, at *3 (N.D. Ill. 1996), *aff'd*, 149 F.3d (7th Cir. 1998). With respects to Counts I, III and V, Plaintiffs allege that the purported class is broad -- at least 2,400 individuals based on a computer search of real estate records in the Chicago metropolitan area -- and it consists of those who received mortgage loans by Associates Finance during the relevant time period. With respect to Count IV, a 1996 SEC filing by one of the Associates Defendants states that they have: (a) 9.4 million customers; (b) receivables, exclusive of credit cards, totaling over $20 billion; and (c) a business strategy of "generat[ing] repeat loans and migrat[ing] existing customers to other finance products. In its consumer branch delivery systems, the Company seeks to migrate existing finance customers toward home equity loans by employing analytical tools to identify those customers who have good payment and credit histories and who may desire additional credit. Home equity loans typically have higher balances and lower levels of risk to the Company." Even though Plaintiffs speculate rather than allege the total number of individuals in the purported classes, this Court finds that it is appropriate to assume that the number of potential

class members satisfies the numerosity requirement when, as here, the plaintiff alleges all claims are based on standard rate reduction rider forms, on standard arbitration agreements, and on standard, general business practices. See e.g., Kort v. Diversified Collections Servs., Inc., No. 01 C 0689, 2001 WL 1617213, at *1 (N.D. Ill. Dec. 17, 2001); Hamid v. Blatt, et. al., No. 00 C 4511, 2001 WL 1543516, at *3 (N.D. Ill. Nov. 30, 2001); Wells v. McDonough, No. 97 C 3288, 1998 WL at 160876, at *2 (N.D. Ill. Mar. 31, 1998).

*Commonality and Typicality*

Under Rule 23(a)(2), commonality is not a demanding requirement; one issue of fact or law common to all class members will suffice. Gilmore v. Southwestern Bell Mobile Sys., No. 01 C 2900, 2001 WL 1539157 at *3 (N.D. Ill. Nov. 30, 2001). Similarly, Rule 23(a)(3) requires that the claims or defenses of the class representative be typical of the claims or defenses of the class. The typicality requirement is closely related to the commonality requirement. Hamid, 2001 WL 1543516, at *5. A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his claims are based on the same legal theory. De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). Therefore, the typicality prong "may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of the other class members." Id. Further, where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented . . . ." Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

In the present case, both the commonality and the typicality requirements are met. As to Counts I and III, the common question is whether each class member is entitled to rescind because the terms of riders or side agreement were not reflected in his or her TILA agreements. As to Count IV, the common questions are whether the Associates Defendants engaged in a

"flipping" scheme and whether the Associated Defendants thereby violated 815 ILCS 505/2. As to Count V, the common question is whether defendants' arbitration clauses are invalid because they were adopted pursuant to an unlawful scheme or are subject to rescission along with the remainder of the transactions. Further, because Plaintiffs' claims present these very questions, they are typical of the claims of the purported class.

*Adequacy of Representation*

Rule 23(a)(4) requires that the class representative have a sufficient stake in the outcome to ensure zealous advocacy, that the class representative does not have antagonistic or conflicting claims with other class members, and that counsel for the named plaintiff is experienced, qualified, and generally able to conduct the litigation. Retired Chicago Police Ass'n, 7 F.3d at 598. Here, this Court is satisfied that Plaintiffs' counsel is experienced and able to conduct the litigation, and the Plaintiffs and the potential class members all seek: a declaratory judgment stating that Plaintiffs and the class members have a continuing right to rescind their loans and all agreements relating thereto; rescission in favor of each borrower so electing; and statutory damages. Thus, there is no potential for conflicting interests between Plaintiffs and any other class members in this action. This Court finds that the adequate representation requirement is met.

## 2. Rule 23(b)(3)

There are two components to class certification under Rule 23(b)(3): (1) that common questions predominate over individual questions; and (2) that a class action is the superior method of adjudicating the claims of the parties. As discussed above, the questions of law and fact to the members of the class, as defined by Plaintiffs, are similar to all of the proposed class members and would predominate over any other questions affecting individual class members. Furthermore, a class action is superior to the available methods for the fair and efficient

adjudication of this controversy[2]. Accordingly, the Court finds that the requirements of Rule 23(b)(3) are met.

## Conclusion

For the foregoing reasons, Defendants' motion to compel arbitration and stay proceedings and to dismiss class claims is denied. Plaintiffs' motion for class certification [4-1] is GRANTED. The certified classes shall be defined as follows:

The class for Count I, seeking a declaration that the plaintiffs and class members have the right to rescind their loans for violated of TILA, 15 U.S.C. § 1635, and the class for Count III, seeking damages for violation of TILA, consists of all natural persons who satisfy the following criteria:

a. They obtained a residential mortgage loan secured by real estate from an Associates Defendant;

b. The loan included riders or side agreements changing the rate or payment schedule;

c. The TILA disclosures did not take into account the effect of such agreements;

d. Their mortgage is dated on or after March 8, 1998 (three years prior to the filing of this action), or such longer period as results pursuant to 15 U.S.C. § 1635(f) from the institution on March 7, 2001 of an action in the U.S. District Court for the Northern District of Georgia by the Federal Trade Commission against defendants concerning matters complained of herein.

The class of Count IV, alleging violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2, the class consists of all natural persons in Illinois who obtained two or more consumer loans from the Associates, one of which was used to pay off another Associates loan, during the period of January 1, 1995 to the present.

---

[2] This Court's concern is heightened by the importance of class certification issue in TILA cases in particular, where the small amounts of money involved and the difficult financial situations of many of the litigants may inhibit individualized litigation. See Williams v. Chartwell Financial Servs., Ltd., 204 F.3d 748, 760-61 (7th Cir. 2000)(collecting cases).

8

The Class of Count V, alleging that certain arbitration agreements that the Associates Defendants began using after learning that their conduct was under investigation by the Federal Trade Commission, consists of all persons who are members of the classes for purposes of Counts I, III, and IV.

**Enter:**

*[signature: David H. Coar]*

**David H. Coar**

**United States District Judge**

**Dated: September 17, 2002**